**UNITED STATES BANKRUPTCY COURT**
**EASTERN DISTRICT OF NEW YORK**
-------------------------------------------------------X          Chapter 13
**IN RE:**
                                                                              Case No.: 16-75179
WAYNE J. SCHAEFER & BIBI SALIMA SCHAEFER

          **Debtor(s)**          **SECOND AMENDED CHAPTER 13 PLAN**
-------------------------------------------------------X

1. The future earnings of the debtor(s) are submitted to the supervision and control of the trustee, and the debtor(s) shall pay to the trustee for a total of 60 months, the sum of:

    **$1,884.00** commencing December 7, 2016 through and including May 7, 2017 for a period of 6 months.

    **$1,919.00** commencing June 7, 2017 through and including January 7, 2018 for a period of 8 months.

    **$2,212.00** commencing February 7, 2018 through and including November 7, 2019 for a period of 22 months.

    **$2,596.00** commencing December 7, 2019 through and including November 7, 2021 for a period of 24 months.

2. From the payments so received, the trustee shall make disbursements as follows:
    (a) Full payment in deferred cash payments of all claims entitled to priority under 11 U.S.C. §507.
    (b) Holders of allowed secured claims shall retain the liens securing such claims and shall be paid as follows:

    (c) Subsequent and/ or concurrently with distribution to secured, priority, and administrative creditors, dividends to **unsecured creditors** whose claims are duly allowed as follows: **PRO RATA distribution to all timely filed proofs of claim of not less than 10%.**

3. The Debtor shall make all post-petition payments, including but not limited to mortgage payments, vehicle, payments, real estate taxes and income taxes, outside the plan.

4. The Debtor shall pay the secured claim of the New York State Department of Tax and Finance("NYS") in full in the amount of $12,892.13 under the Plan. Upon completion of such payments from the Trustee to NYS, NYS shall file a satisfaction of tax warrants as scheduled in Claim No. 1-2.

5. The Debtor shall pay the secured claim of the Internal Revenue Service ("IRS") in the full amount of $94,099.79 under the Plan. Upon completion of such payments from the Trustee to the IRS, the IRS shall file a satisfaction of all pre-petition tax liens.

### Loss Mitigation/Loan Modification

6. The mortgage due to Santander Bank on the property known as 21 Willow Ridge Drive, Smithtown, NY 11787 under account number ending in 3212 is in default. Said default including all arrears, legal fees and other expenses due to the mortgagee shall be capitalized pursuant to a loan modification under the Court's Loss Mitigation Program, as provided in General Order 582 in the United States Bankruptcy Court for the Eastern District of New York. The debtor(s) post-petition mortgage payments under the Loss Mitigation calculation with the full balance due on the mortgage including, all past due payments, late charges, legal fees, escrow deficiency,

etc. and totals $379,731.30.00 to be paid at 2% interest amortized over forty (40) years will amount to a payment of **$2,405.00** including, interest ($633.00), and escrow ($1,255.00). The estimated monthly payment of $2,405.00 shall be paid directly to the Chapter 13 Trustee from **February 1, 2017 going forward**, while Loss Mitigation application is pending (**Before February 1, 2017 the Debtors paid of the sum of $2,256 per month for December and January**), and until such time as the Debtor(s) has entered into a trial loan modification under the Loss Mitigation Program. Contemporaneous with the approval and commencement of a trial loan modification, the Debtor(s) will amend the Chapter 13 Plan and Schedule J of the Debtor(s) petition to reflect the terms of the trial agreement, including the direct payment, going forward, of the mortgage to the mortgage lienholder.

7. The second mortgage due to Nationstar Mortgage Bank on the property known as 21 Willow Ridge Drive, Smithtown, NY 11787 under account number ending in 6497 is in default. Said default including all arrears, legal fees and other expenses due to the mortgagee shall be capitalized pursuant to a loan modification under the Court's Loss Mitigation Program, as provided in General Order 582 in the United States Bankruptcy Court for the Eastern District of New York. The debtor(s) post-petition mortgage payments under the Loss Mitigation calculation with the full balance due on the mortgage including, all past due payments, late charges, legal fees, escrow deficiency, etc. and totals $127,344 to be paid at 2% interest amortized over forty (40) years will amount to a payment of **$386.00** including, interest ($213.00). Beginning **January 1, 2017**, the estimated monthly payment of $386.00 shall be paid directly to the Chapter 13 Trustee, while Loss Mitigation application is pending, and until such time as the Debtor(s) has entered into a trial loan modification under the Loss Mitigation Program. Contemporaneous with the approval and commencement of a trial loan modification, the Debtor(s) will amend the Chapter 13 Plan and Schedule J of the Debtor(s) petition to reflect the terms of the trial agreement, including the direct payment, going forward, of the mortgage to the mortgage lienholder.

8. All lease agreements are hereby assumed, unless specifically rejected as follows: _____
   _____.

9. During the pendency of this case, if unsecured creditors are paid, pursuant to paragraph 2(c), <u>less than one hundred percent (100%),</u> the debtor(s) shall provide the Trustee with signed copies of filed federal and state tax returns for each year no later than April 15th of the year following the tax period. Indicated tax refunds are to be paid to the Trustee upon receipt; however, no later than June 15th of the year in which the tax returns are filed.

10. Title to the debtor(s) property shall revest to the debtor(s) upon completion of the plan or dismissal of the case, <u>unless otherwise provided in the Order confirming the plan.</u> Throughout the term of this plan, the debtor(s) will not incur post-petition debt over $2,000.00 without written consent of the Chapter 13 Trustee or the Court.

February 16, 2017

/s/Wayne J. Schaefer                              /s/Bibi Salima Schaefer
Wayne J. Schaefer                                 Bibi Salima Schaefer

/s/John Lehr
John Lehr